## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**CHRISTABELLE MUSHALA,**

      **Plaintiff,**

      **v.**

**US BANK, NATIONAL ASSOCIATION,**
**et al.,**

      **Defendants.**

**Civil Action No. 18-1680 (JDB)**

## MEMORANDUM OPINION & ORDER

Pending before the Court is [34] plaintiff Christabelle Mushala's motion to alter or amend this Court's judgment granting in part defendants' motions to dismiss. See Mushala v. US Bank, Nat'l Ass'n, Civ. No. 18-1680, 2019 WL 1429523, at *1 (D.D.C. Mar. 29, 2019). The complete legal background, facts, and procedural history of this case are set forth in the Court's earlier memorandum opinion. See id. at *1–4. In short, after Wells Fargo declared Mushala's 2008 mortgage loan in default, U.S. Bank, National Association ("US Bank") acquired the promissory note memorializing the loan (the "Note"). Id. at *2. US Bank—which in turn engaged Specialized Loan Servicing LLC ("SLS") as the loan servicer and BWW Law Group, LLC ("BWW") as foreclosure counsel—then filed a foreclosure action in D.C. Superior Court to enforce the terms of the Note. Id. at *2–3. The nearly three-year litigation that ensued ultimately resulted in a default judgment against Mushala and the sale of her home to a third party. Id.

In May 2018, Mushala filed suit against defendants, who removed the case to this Court. Id. at 3.  Mushala alleged, among other things,[1] that defendants' misrepresentations concerning the legitimacy of the Note, US Bank's standing to foreclose, and the amount due under the Note violated the Fair Debt Collection Practices Act ("FDCPA"), the District of Columbia Mortgage Lender and Broker Act ("MLBA"), and the District of Columbia Consumer Protection Procedures Act ("CPPA").  Id. at *4.  Defendants moved to dismiss, alleging inter alia that most of those claims were barred by res judicata.  Id.; see Partial Mot. to Dismiss Pl.'s Compl. [ECF No. 4] (joint motion by US Bank and SLS); Mot. to Dismiss [ECF No. 5] (motion by BWW).[2]  This Court agreed, dismissing the challenged FDCPA, MLBA, and CPPA claims as barred by res judicata and finding, in addition, that Mushala had failed to state a claim under the CPPA.  Mushala, 2019 WL 1429523, at *7–9.

Mushala now moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).  Mem. in Support of Pl.'s Mot. to Alter or Amend ("Pl.'s Mot.") [ECF No. 34] at 1.  A grant of a motion to alter or amend a judgment under Rule 59(e) is an "extraordinary measure."  Leidos, Inc. v. Hellenic Republic, 881 F.3d 213, 217 (D.C. Cir. 2018) (citing Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  Courts may grant such a motion only if "there is an 'intervening change of controlling law,'" "if new evidence becomes available," or "if the judgment should be amended in order to correct 'a clear error or prevent manifest injustice.'"  Id. (quoting Firestone, 76 F.3d at 1208).  A motion to alter or amend a court's judgment does not provide a party with a blank slate from which to relitigate old issues or present new legal theories

---

[1] Mushala also brought claims against SLS under the Fair Credit Reporting Act ("FCRA").  See Am. Compl. [ECF No. 7] ¶¶ 106–132.  Because the Court denied SLS's motion to dismiss the FCRA claim, see Mushala 2019 WL 1429523, at *12, that claim is not at issue in the present motion.

[2] Defendants later renewed these motions after Mushala amended her complaint.

in support of its claims.  Id. (citing Exxon Shipping v. Baker, 554 U.S. 471, 486 n.5 (2008); Patton

Boggs LLP v. Chevron Corp., 683 F.3d 397, 403 (D.C. Cir. 2012)).

Mushala contends that the Court committed "clear error" in finding that res judicata

applies.  Pl.'s Mot. at 1–2.  She appears to argue that the Court's res judicata analysis is erroneous

because her claims are permissive counterclaims under Federal Rule of Civil Procedure 13.  See

Pl. Mushala's Reply in Supp. of her Mot. to Alter or Amend ("Pl.'s Reply") [ECF No. 40] at 3–4.

Rule 13 provides that counterclaims may either be "compulsory" or "permissive."  See Fed. R.

Civ. P. 13(a), (b).  As relevant here, a party's counterclaim is compulsory—i.e., it must be brought

at the time the party faces the opposing claim and not thereafter—if it "arises out of the transaction

or occurrence that is the subject matter of the opposing party's claim."  Fed. R. Civ. P. 13(a)(1)(A).

A counterclaim is "permissive," and so may be stated either in the initial suit or a subsequent one,

if it is not compulsory.  See Fed. R. Civ. P. 13(b).  However, even permissive counterclaims are

barred if their successful prosecution would nullify or otherwise impair the judgment in the

previous suit.  See Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC, 569 F.3d 485,

492 (D.C. Cir. 2009).  While res judicata "generally bar[s] compulsory counterclaims . . . [it does]

not always bar permissive ones."  Id. at 492.  Based on the foregoing counterclaim rules, Mushala

now suggests that her claims are not barred by res judicata because they are permissive

counterclaims that would not nullify or impair the prior Superior Court judgment.  See Pl.'s Reply

at 3–4.

As an initial matter, Mushala articulated this argument in full for the first time in her reply

brief.  See Pl.'s Mot. at 2 (citing one case about nullification of a prior judgment without explaining

the impact of the principle on Mushala's present claims in relation to defendants' prior suit); Pl.'s

Reply at 2–7 (fully articulating Mushala's argument based on counterclaim rules, including

nullification considerations).  Because her argument is not properly raised in her opening motion,

it technically is waived.  See MBI Grp., Inc. v. Credit Foncier Du Cameroun, 616 F.3d 568, 575

(D.C. Cir. 2010) ("'[D]istrict courts . . . generally deem arguments made only in reply briefs to be

forfeited . . . .'") (quoting Pardo-Kronemann v. Donovan, 601 F.3d 559, 610 (D.C. Cir. 2010)).

Even were this argument properly raised, however, the Court would reject it.  This Court

looks to D.C. law to determine the preclusive effect of judgments rendered by the D.C. Superior

Court.  See Quick v. EduCap, Inc., 318 F. Supp. 3d 121, 139 (D.D.C. 2018).  Under D.C. law, res

judicata proscribes the relitigation of claims arising from the same cause of action that were (or

could have been) litigated to final judgment in the first action.  See EDCare Mgmt., Inc. v. DeLisi,

50 A.3d 448, 451 (D.C. 2012); Faulkner v. Gov't Emps. Ins. Co., 618 A.2d 181, 183 (D.C. 1992);

see also Mushala, 2019 WL 1429523, at *6.  "[A]ctions arise out of the same cause of action"

when they stem from "a common nucleus of facts."  Patton v. Klein, 746 A.2d 866, 870 (D.C.

1999) (citation omitted).  For the reasons explained in greater length in the Court's previous

opinion, res judicata undoubtedly bars the relevant claims here.  See Mushala, 2019 WL 1429523,

at *7–9.  The FDCPA, MLBA, and CPPA claims that the Court dismissed are each predicated on

factual allegations that already were litigated to conclusion in Superior Court as part of the

foreclosure action—namely, that defendants lacked standing to foreclose, had no rights in the

Note, and charged Mushala an inflated amount under the Note.  Id.

The counterclaim rules, on which Mushala relies in her reply, do not alter this analysis.

Even if considered through the lens of Rule 13, Mushala's counterclaims would be compulsory,

not permissive, and thus barred at this stage.  To determine whether a counterclaim arises from the

same "transaction or occurrence" as the original claim, and therefore is compulsory, courts

typically consider one or more of the following tests: whether the counterclaim (1) largely raises

the same issues of fact and law as the original claim; (2) is supported by substantially the same evidence as the original claim; (3) bears any logical relationship to the original claim; and (4) would be barred by res judicata if brought in a subsequent lawsuit.  See Feld Entm't Inc. v. Am. Soc'y for the Prevention of Cruelty to Animals, 873 F. Supp. 2d 288, 305 (D.D.C. 2012) (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1410 (3d ed. 2011)).

Here, the relevant claims would unquestionably be compulsory: they raise the same factual and legal issues as in the foreclosure action, would draw from the same documents and other evidence as would that suit, are logically tied to defendants' ability to legally foreclose through that action, and are barred by res judicata.  See Mushala, 2019 WL 1429523, at *7–9; Feld Entm't Inc., 873 F. Supp. 2d at 305.  This is not to say that subsequent FDCPA, MLBA, or CPPA counterclaims are in every case compulsory in relation to prior foreclosure actions.  If, for example, such claims stem from a distinct set of facts and thus arise out of a different transaction or occurrence, they may well be permissive.  But when they arise from identical facts, as here, they are compulsory and therefore barred in a subsequent suit.  See Feld Entm't Inc., 873 F. Supp. 2d at 305.

Moreover, even if Mushala's claims were not compulsory counterclaims under Rule 13, and were therefore permissive, Mushala's suit would still be barred.  Contrary to Mushala's suggestion, success on the merits of her present claims would, in fact, "impair the rights established" by the Superior Court's judgment.  Quick, 318 F. Supp. 3d at 140 (citing Capitol Hill Grp., 569 F.3d at 492).  If this Court found for Mushala, any decision would essentially be predicated on finding defendants lacked standing to foreclose.  See Mushala, 2019 WL 1429523, at *4.  Notwithstanding Mushala's statement that she seeks only damages and not to unravel the foreclosure, any damages award would necessarily be premised on a legal conclusion contradicting

the Superior Court's judgment, calling into question its continued validity.  See id.; see also Quick,

318 F. Supp. 3d at 140–41 ("[I]f [p]laintiffs were to prove that [defendant] obtained standing in

the D.C. Superior Court matters through fraud, that would effectively prevent [defendant], and

perhaps others, from enforcing those . . . judgments.").

Hence, the Court did not commit clear error in holding that res judicata bars the relevant

claims.[3]  For the foregoing reasons, and upon consideration of the parties' memoranda, applicable

law, and the entire record herein, it is hereby

**ORDERED** that [34] plaintiff's motion to alter or amend is **DENIED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated:  June 10, 2019

---

[3] Mushala separately argues that the Court clearly erred in holding that she failed to state a CPPA claim against US Bank.  Pl.'s Reply at 7–10.  Relying on Baylor v. Mitchell Rubenstein & Associates, P.C., 857 F.3d 939 (D.C. Cir. 2017), the Court held that Mushala did not sufficiently allege, as the CPPA requires, that US Bank's purported misconduct arose out of a consumer-merchant relationship.  See Mushala, 2019 WL 1429523, at *9 (citing Baylor, 857 F.3d at 948–49).  Mushala now reiterates her position that she did state a CPPA claim because her original creditor, Wells Fargo, acted as a merchant, and US Bank "inherited Wells Fargo's responsibilities and obligations" when it acquired the Note.  Pl.'s Mot. at 2.  But as the Court already has explained, a creditor or debt collector that merely acquires a loan from some original creditor does not itself create a consumer-merchant relationship for purposes of the CPPA.  See Baylor, 857 F.3d at 948–49; Mushala, 2019 WL 1429523, at *9.  The Court therefore did not clearly err in dismissing the CPPA claim against US Bank for failure to state a claim.  Moreover, even if that holding was clear error, res judicata independently bars Mushala's CPPA claims.  See Mushala, 2019 WL 1429523, at *9.